Yolanda Huang (State Bar No. 104543)
LAW OFFICE OF YOLANDA HUANG
528 Grand Avenue
Oakland, California 94610
Telephone:      (510) 329-2140
Facsimile:      (510) 580-9410
E-Mail:         yhuang.law@gmail.com

Mark E. Merin (State Bar No. 043849)
Paul H. Masuhara (State Bar No. 289805)
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:      (916) 443-6911
Facsimile:      (916) 447-8336
E-Mail:         mark@markmerin.com
                paul@markmerin.com

Attorneys for Plaintiffs
ESTATE OF SAOUN POL and J.P.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| ESTATE OF SAOUN POL and J.P.,<br><br>                      Plaintiffs,<br><br>vs.<br><br>CITY OF STOCKTON, STOCKTON POLICE DEPARTMENT, ERIC JONES, JORGE ANDRADE, BRADLEY MILLER, and DOE 1 to 10,<br><br>                      Defendants. | Case No.<br><br>**COMPLAINT FOR VIOLATION OF CIVIL AND CONSTITUTIONAL RIGHTS**<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

This action arises from the officer-involved shooting and death of SAOUN POL, a 35-year-old

mentally ill man, by JORGE ANDRADE, a police officer employed by the CITY OF STOCKTON,

STOCKTON POLICE DEPARTMENT, and Police Chief ERIC JONES.

1

## JURISDICTION & VENUE

1.     This Court has original jurisdiction of the federal claims asserted herein pursuant to 28 U.S.C. § 1331 (in that they arise under the United States Constitution) and 28 U.S.C. § 1343(a)(3) (in that the action is brought to address deprivations, under color of state authority, of rights, privileges, and immunities secured by the United States Constitution). This Court has supplemental jurisdiction of the state law claim under 28 U.S.C. § 1367.

2.     Venue is proper in the United State District Court for the Eastern District of California pursuant to 28 U.S.C. § 1391(b) because Defendants are located in the Eastern District of California and because many of the acts and/or omissions described herein occurred in the Eastern District of California.

3.     Intradistrict venue is proper in the Sacramento Division of the Eastern District of California pursuant to E.D. Cal. L.R. 120(d) because the claims asserted herein arise from acts and/or omissions which occurred in the County of San Joaquin, California.

## PARTIES

4.     Plaintiff ESTATE OF SAOUN POL appears by and through real-party-in-interest Plaintiff J.P., who bring this action pursuant to Cal. Code Civ. Proc. § 377.30. Plaintiff J.P. brings this action as the successor-in-interest of SAOUN POL. Plaintiff J.P.'s declaration regarding his status as successor-in-interest of SAOUN POL is attached hereto, pursuant to Cal. Code Civ. Proc. § 377.32.

5.     Plaintiff J.P. is a resident of the State of California, County of San Joaquin. Plaintiff J.P. is the biological son of SAOUN POL. Plaintiff J.P. brings this action: (a) in his representative capacity, as the successor-in-interest on behalf of Plaintiff ESTATE OF SAOUN POL; and (b) in his individual capacity, on behalf of himself.

6.     Defendant CITY OF STOCKTON is a "public entity" within the definition of Cal. Gov. Code § 811.2. Defendant CITY OF STOCKTON is located in the County of San Joaquin, State of California.

7.     Defendant STOCKTON POLICE DEPARTMENT is a "public entity" within the definition of Cal. Gov. Code § 811.2. Defendant CITY OF STOCKTON is located in the County of San Joaquin, State of California.

8.     Defendant ERIC JONES is, and at all times material herein was, a law enforcement

2

officer and the Police Chief of Defendants CITY OF STOCKTON and STOCKTON POLICE DEPARTMENT, acting within the scope of that employment. Defendant ERIC JONES is sued in his individual capacity.

9.     Defendant JORGE ANDRADE is, and at all times material herein was, a law enforcement officer employed by Defendants CITY OF STOCKTON and STOCKTON POLICE DEPARTMENT, acting within the scope of that employment. Defendant JORGE ANDRADE is sued in his individual capacity.

10.     Defendant BRADLEY MILLER is, and at all times material herein was, a law enforcement officer employed by Defendants CITY OF STOCKTON and STOCKTON POLICE DEPARTMENT, acting within the scope of that employment. Defendant BRADLEY MILLER is sued in his individual capacity.

11.     Defendants DOE 1 to 10 are and/or were agents or employees of Defendants CITY OF STOCKTON and/or STOCKTON POLICE DEPARTMENT, acting within the scope of that employment and under color of state law. Defendants DOE 1 to 10's true and correct names and identities are not currently known. Defendants DOE 1 to 10 are sued by their fictitious names and their true and correct names and identities will be substituted when ascertained.

## GENERAL ALLEGATIONS

12.     At all times relevant herein, all wrongful acts described were performed under color of state law and/or in concert with or on behalf of those acting under the color of state law.

### The Mental Health History of Saoun Pol

13.     SAOUN POL was a 35-year-old disabled man who struggled with mental health and substance abuse issues, including on the date of his death on May 4, 2019.

14.     SAOUN POL's mental health and substance abuse issues substantially limited his ability, for example, to care for himself, concentrate, think, and communicate.

15.     On information and belief: SAOUN POL had a record of law enforcement contacts, including prior mental health detentions by law enforcement under Cal. Wel. & Inst. Code § 5150.

16.     On information and belief: Defendant STOCKTON POLICE DEPARTMENT's police officers were or should have been aware of the mental health history of SAOUN POL.

3

**The Officer-Involved Shooting of Saoun Pol**

17.     On May 4, 2019, Defendant STOCKTON POLICE DEPARTMENT received a report that a man was armed with a "bat" and "acting erratically."

18.     Around 11:30 a.m., Defendants JORGE ANDRADE and BRADLEY MILLER were dispatched to a neighborhood near Castle Oaks Drive and Marlboro Court in Stockton, California.

19.     Defendants JORGE ANDRADE and BRADLEY MILLER encountered SAOUN POL, a man matching the description of the report received.

20.     On information and belief: SAOUN POL exhibited signs of mental illness, such as behaviors consistent with experiencing a mental crisis, intoxication, and/or influence of a controlled substance.

21.     On information and belief: Defendants JORGE ANDRADE and BRADLEY MILLER failed to use de-escalation and defusing techniques during their interactions with SAOUN POL.

22.     On information and belief: Defendants JORGE ANDRADE and BRADLEY MILLER failed to contact or to request the assistance of San Joaquin County Behavioral Health Services.

23.     On information and belief: Defendants JORGE ANDRADE and BRADLEY MILLER pointed weapons at SAOUN POL, exacerbating symptoms of his mental illness, anxiety, and fearfulness.

24.     On information and belief: Defendant JORGE ANDRADE shot SAOUN POL multiple times, with a department-issued gun, while SAOUN POL posed no threat to Defendants JORGE ANDRADE and BRADLEY MILLER or to anyone else.

25.     SAOUN POL died as result of the gunshots fired by Defendant JORGE ANDRADE.

26.     On information and belief: Defendants JORGE ANDRADE and BRADLEY MILLER's action and inactions were inconsistent with California Peace Officer Standards and Training ("POST"), including Learning Domain 20 ("Use of Force") and Learning Domain 37 ("People with Disabilities"), and Defendant STOCKTON POLICE DEPARTMENT's General Orders, including D-11 ("Mentally Ill") and Q-1 ("Use of Force").

**POLICY OR CUSTOM ALLEGATIONS**

27.     Defendant ERIC JONES is and was a final policymaking authority for Defendants CITY OF STOCKTON and STOCKTON POLICE DEPARTMENT, at all times material herein. *See* Cal. Gov.

4

Code § 38630(a); Charter of the City of Stockton, Article XVII (available at: < https://qcode.us/codes/stockton/view.php >.) Defendant ERIC JONES has been employed by Defendants CITY OF STOCKTON and STOCKTON POLICE DEPARTMENT since 1993, as a police officer; since 1999, as a departmental trainer and instructor and sergeant; and since March 2003, as Police Chief.

28.     Defendants DOE 1 to 10 are/were final policymaking authorities for Defendants CITY OF STOCKTON and STOCKTON POLICE DEPARTMENT, based on a delegation of authority from Defendants CITY OF STOCKTON, STOCKTON POLICE DEPARTMENT, and/or ERIC JONES.

### Policy or Custom

Excessive Force

29.     Defendants JORGE ANDRADE and BRADLEY MILLER's use of unreasonable and excessive force against SAOUN POL resulted from the existence of a policy or custom maintained by Defendants CITY OF STOCKTON, STOCKTON POLICE DEPARTMENT, ERIC JONES, and DOE 1 to 10; namely, a policy or custom of action or inaction Defendants CITY OF STOCKTON, STOCKTON POLICE DEPARTMENT, ERIC JONES, and DOE 1 to 10 knowingly participated in, acquiesced to, and/or were deliberately indifferent to the creation and maintenance of a culture permitting or encouraging personnel's use of unreasonable and excessive force.

30.     Defendants CITY OF STOCKTON, STOCKTON POLICE DEPARTMENT, ERIC JONES, and DOE 1 to 10's insufficient training, supervision, or control of their personnel, including Defendants JORGE ANDRADE and BRADLEY MILLER, was a moving force behind and contributed to the use of unreasonable and excessive force against SAOUN POL, resulting in injuries. Defendants CITY OF STOCKTON, STOCKTON POLICE DEPARTMENT, ERIC JONES, and DOE 1 to 10 knew or should have known that personnel under their command, including Defendants JORGE ANDRADE and BRADLEY MILLER, were inadequately trained, supervised, or disciplined resulting from either the lack of proper training, pursuant to policy or custom, or the result of the lack of policy.

31.     Defendants CITY OF STOCKTON, STOCKTON POLICE DEPARTMENT, ERIC JONES, and DOE 1 to 10's policy or custom of unreasonable and excessive force is demonstrated by the use of force against SAOUN POL which gives rise to this action, including:

a.     The multiple harms which resulted from a single incident, including Defendants

5

JORGE ANDRADE and BRADLEY MILLER's pointing weapons at SAOUN POL and Defendant JORGE ANDRADE's officer-involved shooting of SAOUN POL;

       b.     The violation of multiple California Peace Officer Standards and Training ("POST") requirements and Defendant STOCKTON POLICE DEPARTMENT's General Orders governing Defendants JORGE ANDRADE and BRADLEY MILLER's conduct.

       c.     The open and cavalier nature with which Defendants JORGE ANDRADE and BRADLEY MILLER engaged in misconduct in a public place, without concern that their conduct could be observed by others.

     32.     Defendants CITY OF STOCKTON, STOCKTON POLICE DEPARTMENT, ERIC JONES, and DOE 1 to 10's policy or custom is further demonstrated by the following occurrences and incidents:

       a.     On July 22, 2010, 16-year-old James Rivera Jr. was killed in an officer-involved shooting by Defendant STOCKTON POLICE DEPARTMENT's police officers Greg Dunn and Eric Azarvand. James Rivera was driving a stolen van and was being pursued by police vehicles when the van was rammed, causing the van to crash and become lodged in the garage door of a residence. Officers Greg Dunn and Eric Azarvand fired 29 rounds at the van, striking James Rivera and killing him. A civil rights lawsuit was filed. (*Smith-Downs v. City of Stockton*, E.D. Cal. Case No. 2:10-cv-02495-MCE-CKD.) The case was settled for $395,000, after a hung-jury trial.

       b.     On April 6, 2012, Luther Brown was killed in an officer-involved shooting by Defendant STOCKTON POLICE DEPARTMENT's police officer Wesley Grinder. Luther Brown was pulled-over and submitted to a search by Officers Wesley Grinder and Ryan Taiariol. Luther Brown fled on foot. Officers Wesley Grinder and Ryan Taiariol caught Luther Brown, beat him with fists and batons, and Officer Wesley Grinder shot him nine times, killing him. A civil rights lawsuit was filed. (*Brown v. City of Stockton*, U.S. Dist. Ct., E.D. Cal. Case No. 2:13-cv-01007-KJM-KJN.) The case was settled for $550,000, before trial.

       c.     On February 13, 2013, Nathaniel Smith was injured in an officer-involved shooting by Defendant STOCKTON POLICE DEPARTMENT's police officers Michael Perez and Robin Harrison. Nathaniel Smith was pulled-over by officers based on an outstanding felony warrant.

6

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Estate of Pol v. City of Stockton*, United States District Court, Eastern District of California, Case No. _____

Nathaniel Smith fled from officers on foot and was shot by Officers Michael Perez and Robin Harrison in the chest and arm. A civil rights lawsuit was filed. (*Smith v. City of Stockton*, E.D. Cal. Case No. 2:15-cv-00363-KJM-AC.) The case was settled, before trial.

       d.     On February 9, 2014, Donald "Donnie" Ray Haynes was killed in an officer-involved shooting by Defendant STOCKTON POLICE DEPARTMENT's police officer Robert Johnson III. Donald Haynes was a passenger in vehicle pulled-over during a traffic stop. Donald Haynes was a suspect in a case of assault and was ordered out of the vehicle. Donald Haynes exited the vehicle, unarmed and with his hands up. Officer Robert Johnson shot at Donald Haynes three times before Donald Haynes could fully exit the vehicle. Donald Haynes was struck by two gunshots, causing his death. A civil rights lawsuit was filed. (*Haynes v. Johnson*, U.S. Dist. Ct., E.D. Cal. Case No. 2:15-cv-00565-WBS-DB.) The case was settled for $90,000, before trial.

       e.     On July 16, 2014, Misty Holt-Singh was killed in an officer-involved shooting by Defendant STOCKTON POLICE DEPARTMENT's police officers. Numerous officers pursued the vehicle of suspected bank robbers in a high-speed chase. The officers were aware that a hostage, Misty Holt-Singh, had been taken and was being held by the robbers in the getaway vehicle. Over 50 police vehicles and an aircraft pursued the getaway vehicle. 32 officers fired over 600 bullets into the getaway vehicle before it came to stop. Misty Holt-Singh was shot 10 times, causing her death. A civil lawsuit was filed. (*Singh v. City of Stockton*, Cal. Super. Ct., San Joaquin Cnty. Case No. STK-CV-UNPI-2015-0007587.) The case was settled for $5,750,000, before trial.

       f.     On November 21, 2014, James Smith was injured in an officer-involved incident by Defendant STOCKTON POLICE DEPARTMENT's police officer Houston Stephens (a/k/a Houston Sensabaugh). Officer Houston Stephens/Sensabaugh is a notorious officer who has been involved in a series of lethal and nonlethal shootings, including at least four shootings since August 2012, three of which were fatal. James Smith was tackled to the ground by then-canine handler Officer Houston Stephens/Sensabaugh, handcuffed, and bitten several times by a canine sicced on him. James Smith was lying facedown on the ground and handcuffed when Officer Houston Stephens/Sensabaugh directed his canine partner to attack. Onlookers told Officer Houston Stephens/Sensabaugh at least 15 times that James Smith was mentally disabled and cried out for him to stop the attack, but the attack went on for

more than a minute. The attack was recorded by a bystander on a cell phone. Officer Houston Stephens/Sensabaugh was later promoted to Defendant STOCKTON POLICE DEPARTMENT's Investigations Division. A civil rights lawsuit was filed. (*Smith v. City of Stockton*, U.S. Dist. Ct., E.D. Cal. Case No. 2:15-cv-02511-MCE-AC.) The case was settled for $307,500, before trial.

g.      On January 27, 2015, Matautu Nuu was killed in an officer-involved shooting by Defendant STOCKTON POLICE DEPARTMENT's police officers John Griffin and Jason Schaffer. The officers were dispatched to the home of a mentally ill man, Matautu Nuu, after it was reported that he hit a television with a hammer. Officers John Griffin and Jason Schaffer tased Matautu Nuu and shot him, as he falling after the taser strikes caused him to drop the hammer he was holding. Matautu Nuu died as a result of the gunshots wounds he sustained. A civil rights lawsuit was filed. (*R.T. v. City of Stockton*, U.S. Dist. Ct., E.D. Cal. Case No. 2:15-cv-00430-TLN-DB.) The case was settled for $500,000, before trial.

h.      On March 7, 2016, Abelino Cordova-Cuevas was killed in an officer-involved incident by Defendant STOCKTON POLICE DEPARTMENT's police officers Matthew Garlick and Lucas Woodward. Abelino Cordova-Cuevas was pulled-over, shot with a taser, handcuffed, and placed in a chokehold by Officers Matthew Garlick and Lucas Woodward. Abelino Cordova-Cuevas died from asphyxiation, compression of the neck, and blunt force trauma. A civil rights lawsuit was filed. (*Cordova Pimentel v. City of Stockton*, E.D. Cal. Case No. 2:17-cv-00931-WBS-AC.) The case was settled, before trial.

i.      On August 16, 2016, Colby Friday was killed in an officer-involved shooting by Defendant STOCKTON POLICE DEPARTMENT's police officer David Wells. Colby Friday was misidentified by Officer David Wells as matching the description of a suspect, based solely on the description of a "black male" with "dreadlocks." Officer David Wells ran at Colby Friday, who became fearful and ran behind a building. Officer David Wells threatened to shot Colby Friday in the back, if he did not stop running. Colby Friday stopped running and turned to faced Officer David Wells, who opened fire on Colby Friday. Colby Friday fell to the ground. Officer David Wells continued to fire on Colby Friday, after he fell to the ground. Officer David Wells failed to activate his body-worn camera, ensuring that the shooting was not recorded. Officer David Wells was not disciplined in connection with the shooting but, instead, was subsequently promoted. A civil rights lawsuit was filed. (*L.F. v. City of*

1   *Stockton*, E.D. Cal. Case No. 2:17-cv-01648-KJM-DB.) The case was settled for $3,250,000, before trial.

2        33.    On information and belief: Defendants CITY OF STOCKTON, STOCKTON POLICE

3 DEPARTMENT, ERIC JONES, and DOE 1 to 10 were aware of numerous incidents of personnel's use

4 of unreasonable and excessive force, including those incidents identified above, but repeatedly refused or

5 failed to take appropriate corrective action, including discipline, re-training, and/or changes to policies or

6 procedures. Defendants CITY OF STOCKTON, STOCKTON POLICE DEPARTMENT, ERIC JONES,

7 and DOE 1 to 10 expressly and impliedly condoned the use of unreasonable and excessive force,

8 emboldening their personnel, including Defendants JORGE ANDRADE and BRADLEY MILLER, to

9 continue to employ unreasonable and excessive force Defendants CITY OF STOCKTON, STOCKTON

10 POLICE DEPARTMENT, ERIC JONES, and DOE 1 to 10 perpetuated the problem by knowingly

11 turning a blind eye to the abuses, ignoring or refusing to investigate complaints of personnel's

12 misconduct, acquiescing in and implicitly condoning the misconduct by perpetuating a culture of

13 impunity, failing meaningfully to discipline, re-train, or otherwise penalize personnel's misconduct,

14 failing to hold personnel accountable for violations of law or policies, and creating or fostering an

15 environment where subordinates believed they could act with impunity and "get away with anything."

16        34.    Defendants CITY OF STOCKTON, STOCKTON POLICE DEPARTMENT, ERIC

17 JONES, and DOE 1 to 10 have never resolved an officer-involved shooting incident inconsistent with the

18 findings of the San Joaquin County District Attorney's Office's investigation of the same incident.

19                                  Mental Health Contacts

20        35.    Defendants CITY OF STOCKTON, STOCKTON POLICE DEPARTMENT, ERIC

21 JONES, and DOE 1 to 10 knew or should have known that a substantial number of contacts between

22 their personnel and persons wherein force and lethal force has been applied involved mentally ill and/or

23 substance-impaired persons who do not respond in the way persons who are not mentally ill do to orders,

24 commands, brusk and direct language, and escalating force. Defendants CITY OF STOCKTON,

25 STOCKTON POLICE DEPARTMENT, ERIC JONES, and DOE 1 to 10 should have promulgated

26 specific policies and trained police officers under their command in the application of such policies,

27 including those prescribed by the California Commission on Peace Officer Standards and Training

28 ("POST"), Learning Domain 37 ("People with Disabilities").

9

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Estate of Pol v. City of Stockton*, United States District Court, Eastern District of California, Case No. _____

36.     Defendants CITY OF STOCKTON, STOCKTON POLICE DEPARTMENT, ERIC JONES, and DOE 1 to 10 never took specific, appropriate, or adequate steps to implement policies with adequate training, disciplinary action, or supervision of personnel, such as field training in handing detention and arrest of persons that have disabilities or that are under the influence of substances that impair the ability to understand and respond to law enforcement officer commands. Specifically, Defendants CITY OF STOCKTON, STOCKTON POLICE DEPARTMENT, ERIC JONES, and DOE 1 to 10 failed adequately to train police officers:

a.     how to approach persons suffering from mental disability or substance impairment;

b.     how to speak to persons suffering from a from mental disability or substance impairment;

c.     how to interact with persons suffering from mental disability or substance impairment (including using appropriate body language and tone of voice);

d.     how to respect the personal space of persons suffering from mental disability or substance impairment;

e.     how reasonably to accommodate the disability of persons suffering from mental disability or substance impairment; and

f.     how to deescalate, without use of force, incidents involving persons suffering from mental disability or substance impairment.

37.     Defendants CITY OF STOCKTON, STOCKTON POLICE DEPARTMENT, ERIC JONES, and DOE 1 to 10's failure adequately to train, supervise, or discipline police officers, including Defendants JORGE ANDRADE and BRADLEY MILLER, caused the use of unreasonable and excessive force against persons with mental disabilities or substance impairment, SAOUN POL.

71.     Defendants CITY OF STOCKTON, STOCKTON POLICE DEPARTMENT, ERIC JONES, and DOE 1 to 10 were or should have been aware of the need for more or additional policies and training concerning personnel's encounters with force against persons with mental disabilities or substance impairment, given the frequency with which their personnel encountered and employed force against such persons.

10

**Ratification**

38.     On information and belief: Defendants CITY OF STOCKTON, STOCKTON POLICE DEPARTMENT, ERIC JONES, and DOE 1 to 10 have failed to review or to consider the propriety of the officer-involved shooting of SAOUN POL.

39.     Defendants CITY OF STOCKTON, STOCKTON POLICE DEPARTMENT, ERIC JONES, and DOE 1 to 10 receives and reviews all officer-involved shooting investigations involving their personnel.

40.     Defendants CITY OF STOCKTON, STOCKTON POLICE DEPARTMENT, ERIC JONES, and DOE 1 to 10 have never terminated personnel for use of unreasonable or excessive force.

41.     Defendants CITY OF STOCKTON, STOCKTON POLICE DEPARTMENT, ERIC JONES, and DOE 1 to 10 frequently leave officer-involved shooting incidents concerning their personnel unresolved for several years, including in this case. For example, Defendants CITY OF STOCKTON, STOCKTON POLICE DEPARTMENT, ERIC JONES, and DOE 1 to 10's review of at least 20 officer-involved shooting incidents was delayed for up to five years. *See*, *e.g.*, *Smith v. City of Stockton*, U.S. Dist. Ct., E.D. Cal. Case No. 2:15-cv-02511-MCE-AC, ECF No. 95 at 23-23 (citing evidence of "twenty shootings involving City officers that have remained unresolved for up to five years"); *L.F. v. City of Stockton*, E.D. Cal. Case No. 2:17-cv-01648-KJM-DB, ECF No. 82 at 36, 38 (citing "undisputed evidence show[ing] SPD's review of OIS investigations regularly takes several years to resolve, and up to five years in some cases"). Defendants CITY OF STOCKTON, STOCKTON POLICE DEPARTMENT, ERIC JONES, and DOE 1 to 10 actions and inactions reduce or negate any deterrence or accountability that could result from a timely review of officer-involved shooting incidents and effectively deprives police violence victims of the ability to learn about the factual details of officer-involved shooting incidents. Additionally, failure timely to review officer-involved shooting incidents could barred the ability to discipline personnel. *See* Cal. Gov. Code § 3304(d)(1).

42.     Defendants CITY OF STOCKTON, STOCKTON POLICE DEPARTMENT, ERIC JONES, and DOE 1 to 10 almost always resolve officer-involved shooting incidents as "within policy," even when an incident demonstrates violations of policy. *See*, *e.g.*, *Smith v. City of Stockton*, U.S. Dist. Ct., E.D. Cal. Case No. 2:15-cv-02511-MCE-AC, ECF No. 95 at 23-23 (citing evidence that "the City

improperly justifies shootings that may in fact be unjustifiable" where, "for instance, that of the twenty officer-involved shootings in five years mentioned above, the City deemed nineteen to be 'within' department policies"); *L.F. v. City of Stockton*, E.D. Cal. Case No. 2:17-cv-01648-KJM-DB, ECF No. 82 at 36, 38 (citing evidence that "Chief Jones reviews all OIS reports," "is unaware of a single time he has disagreed with the outcome of an OIS report," and "no officer has ever been terminated as a result of these investigations"). For example, in the connection with the August 16, 2016, officer-involved shooting and death of Colby Friday by Officer David Wells, the officer's body-worn camera was note activated, as required by Defendant STOCKTON POLICE DEPARTMENT's General Orders. Defendants CITY OF STOCKTON, STOCKTON POLICE DEPARTMENT, ERIC JONES, and DOE 1 to 10 "Exonerated" Officer David Wells from the citizen complaint submitted by Colby Friday's heirs, concluding it was "Unfounded," notwithstanding Officer David Wells' violations. (IA 17-38.) Defendants CITY OF STOCKTON, STOCKTON POLICE DEPARTMENT, ERIC JONES, and DOE 1 to 10 actions and inactions reduce or negate any deterrence or accountability that could result from a meaningful review of officer-involved shooting incidents and effectively deprives police violence victims of the ability to learn about violations occurring during officer-involved shooting incidents.

## FIRST CLAIM

### Excessive Force

### (U.S. Const., Amend. IV; 42 U.S.C. § 1983)

43.   Plaintiff ESTATE OF SAOUN POL (pursuant to Cal. Code Civ. Proc. § 377.30) asserts this Claim against Defendants CITY OF STOCKTON, STOCKTON POLICE DEPARTMENT, ERIC JONES, JORGE ANDRADE, BRADLEY MILLER, and DOE 1 to 10.

44.   The allegations of the preceding paragraphs 1 to 42 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

45.   Defendants JORGE ANDRADE and BRADLEY MILLER, acting or purporting to act in the performance of their official duties as law enforcement officers, used unreasonable and excessive force against SAOUN POL, in violation of the Fourth Amendment (as incorporated through the Fourteenth Amendment) to the U.S. Constitution.

46.   Defendants CITY OF STOCKTON, STOCKTON POLICE DEPARTMENT, ERIC

12

1  JONES, and DOE 1 to 10, acting or purporting to act under color of state law and as policymaking

2  authorities, maintained policies or customs of action and inaction resulting in harm to SAOUN POL, in

3  violation of the Fourth Amendment (as incorporated through the Fourteenth Amendment) to the U.S.

4  Constitution.

5      47.    Defendants ERIC JONES, JORGE ANDRADE, BRADLEY MILLER, and DOE 1 to 10's

6  actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to

7  constitutional rights, or were wantonly or oppressively done.

8      48.    SAOUN POL was injured as a direct and proximate result of Defendants CITY OF

9  STOCKTON, STOCKTON POLICE DEPARTMENT, ERIC JONES, JORGE ANDRADE, BRADLEY

10  MILLER, and DOE 1 to 10's actions and inactions, entitling Plaintiff ESTATE OF SAOUN POL to

11  receive compensatory damages against Defendants CITY OF STOCKTON, STOCKTON POLICE

12  DEPARTMENT, ERIC JONES, JORGE ANDRADE, BRADLEY MILLER, and DOE 1 to 10; and

13  punitive damages against Defendants ERIC JONES, JORGE ANDRADE, BRADLEY MILLER, and

14  DOE 1 to 10.

15      WHEREFORE, Plaintiff ESTATE OF SAOUN POL prays for relief as hereunder appears.

16                          **SECOND CLAIM**

17                          **Rehabilitation Act**

18                       **(29 U.S.C. § 701, *et seq*.)**

19      49.    Plaintiff ESTATE OF SAOUN POL asserts this Claim against Defendants CITY OF

20  STOCKTON and STOCKTON POLICE DEPARTMENT.

21      50.    The allegations of the preceding paragraphs 1 to 42 are realleged and incorporated, to the

22  extent relevant and as if fully set forth in this Claim.

23      51.    Defendants CITY OF STOCKTON and STOCKTON POLICE DEPARTMENT each

24  qualify as a "public entity" within the meaning of 42 U.S.C. § 12131(1)(A) and 28 C.F.R. § 35.104. On

25  information and belief: Defendants CITY OF STOCKTON and STOCKTON POLICE DEPARTMENT

26  receive federal financial assistance. SAOUN POL had a mental impairment that substantially limited one

27  or more major life activities, or a record of such an impairment, at all times material herein.

28      52.    Defendants JORGE ANDRADE and BRADLEY MILLER, acting or purporting to act in

                                      13

the performance of their official duties as law enforcement officers, failed reasonably to accommodate SAOUN POL's disability in the course of investigation or arrest, causing greater injury or indignity in that process than other arrestees, with deliberate indifference or reckless disregard, in violation of the Rehabilitation Act, 29 U.S.C. § 794, *et seq*. A reasonable accommodation would have included, for example: (a) approaching SAOUN POL in a non-confrontational manner, without displaying or threatening the use of force; (b) speaking to SAOUN POL in a non-confrontational manner, with an appropriate tone of voice and without threatening the use of force; and/or (c) interacting with SAOUN POL in a non-confrontational manner, including appropriate body language, de-escalation, and spacing techniques.

53.     Defendants CITY OF STOCKTON, STOCKTON POLICE DEPARTMENT, ERIC JONES, and DOE 1 to 10, acting or purporting to act under color of state law and as policymaking authorities, maintained policies or customs of action and inaction resulting in harm to SAOUN POL, with deliberate indifference or reckless disregard, in violation of the Rehabilitation Act, 29 U.S.C. § 794, *et seq*. A reasonable accommodation would have included promulgation and implementation of appropriate policies and customs which prepared police officers to interact with persons suffering from mental disability or substance abuse, for example: (a) how to approach such persons; (b) how to speak to such persons; (c) how to interact with such persons, including using appropriate body language and tone of voice; (d) how to respect the personal space of such persons; and/or (e) how to deescalate, without use of force, incidents involving such persons.

54.     SAOUN POL was injured as a direct and proximate result Defendants CITY OF STOCKTON, STOCKTON POLICE DEPARTMENT, ERIC JONES, JORGE ANDRADE, BRADLEY MILLER, and DOE 1 to 10's actions and inactions, entitling Plaintiff ESTATE OF SAOUN POL to receive compensatory and nominal damages against Defendants CITY OF STOCKTON and STOCKTON POLICE DEPARTMENT.

WHEREFORE, Plaintiff ESTATE OF SAOUN POL prays for relief as hereunder appears.

\ \ \

\ \ \

\ \ \

### THIRD CLAIM

### Americans with Disabilities Act

### (42 U.S.C. § 12101, *et seq.*)

55.     Plaintiff ESTATE OF SAOUN POL asserts this Claim against Defendants CITY OF STOCKTON and STOCKTON POLICE DEPARTMENT.

56.     The allegations of the preceding paragraphs 1 to 42 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim

57.     Defendants CITY OF STOCKTON and STOCKTON POLICE DEPARTMENT each qualify as a "public entity" within the meaning of 42 U.S.C. § 12102(1) and 28 C.F.R. § 35.104. SAOUN POL had a mental impairment that substantially limited one or more major life activities, or a record of such an impairment, at all times material herein.

58.     Defendants JORGE ANDRADE and BRADLEY MILLER, acting or purporting to act in the performance of their official duties as law enforcement officers, failed reasonably to accommodate SAOUN POL's disability in the course of investigation or arrest, causing greater injury or indignity in that process than other arrestees, with deliberate indifference or reckless disregard, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. A reasonable accommodation would have included, for example: (a) approaching SAOUN POL in a non-confrontational manner, without displaying or threatening the use of force; (b) speaking to SAOUN POL in a non-confrontational manner, with an appropriate tone of voice and without threatening the use of force; and/or (c) interacting with SAOUN POL in a non-confrontational manner, including appropriate body language, de-escalation, and spacing techniques.

59.     Defendants CITY OF STOCKTON, STOCKTON POLICE DEPARTMENT, ERIC JONES, and DOE 1 to 10, acting or purporting to act under color of state law and as policymaking authorities, maintained policies or customs of action and inaction resulting in harm to SAOUN POL, with deliberate indifference or reckless disregard, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. A reasonable accommodation would have included promulgation and implementation of appropriate policies and customs which prepared police officers to interact with persons suffering from mental disability or substance abuse, for example: (a) how to approach such

15

persons; (b) how to speak to such persons; (c) how to interact with such persons, including using appropriate body language and tone of voice; (d) how to respect the personal space of such persons; and/or (e) how to deescalate, without use of force, incidents involving such persons.

60.     SAOUN POL was injured as a direct and proximate result of Defendants CITY OF STOCKTON, STOCKTON POLICE DEPARTMENT, ERIC JONES, JORGE ANDRADE, BRADLEY MILLER, and DOE 1 to 10's actions and inactions, entitling Plaintiff ESTATE OF SAOUN POL to receive compensatory and nominal damages against Defendants CITY OF STOCKTON and STOCKTON POLICE DEPARTMENT.

WHEREFORE, Plaintiff ESTATE OF SAOUN POL prays for relief as hereunder appears.

## FOURTH CLAIM

### Unwarranted Interference with Familial Association

### (U.S. Const., Amend. XIV; 42 U.S.C. § 1983)

61.     Plaintiff J.P. asserts this Claim against Defendants JORGE ANDRADE and BRADLEY MILLER.

62.     The allegations of the preceding paragraphs 1 to 28 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

63.     Defendants JORGE ANDRADE and BRADLEY MILLER, acting or purporting to act in the performance of their official duties as law enforcement officers, used unreasonable and excessive force against SAOUN POL, terminating and interfering with Plaintiff J.P.'s familial relationship with SAOUN POL, in the violation of constitutional rights protected by the Fourteenth Amendment to the U.S. Constitution.

64.     Defendants JORGE ANDRADE and BRADLEY MILLER's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to constitutional rights, or were wantonly or oppressively done.

65.     Plaintiff J.P. was injured as a direct and proximate result of Defendants JORGE ANDRADE and BRADLEY MILLER's actions and inactions, entitling him to receive compensatory and punitive damages against Defendants JORGE ANDRADE and BRADLEY MILLER.

WHEREFORE, Plaintiff J.P. prays for relief as hereunder appears.

16

1

2

3

**FIFTH CLAIM**

**Unwarranted Interference with Familial Association**

**(U.S. Const., Amend. I; 42 U.S.C. § 1983)**

4   66.   Plaintiff J.P. asserts this Claim against Defendants JORGE ANDRADE and BRADLEY

5   MILLER.

6   67.   The allegations of the preceding paragraphs 1 to 28 are realleged and incorporated, to the

7   extent relevant and as if fully set forth in this Claim.

8   68.   Defendants JORGE ANDRADE and BRADLEY MILLER, acting or purporting to act in

9   the performance of their official duties as law enforcement officers, used unreasonable and excessive

10  force against SAOUN POL, terminating and interfering with Plaintiff J.P.'s familial relationship with

11  SAOUN POL, in the violation of constitutional rights protected by the First Amendment (as incorporated

12  through the Fourteenth Amendment) to the U.S. Constitution.

13  69.   Defendants JORGE ANDRADE and BRADLEY MILLER's actions and inactions were

14  motivated by evil motive or intent, involved reckless or callous indifference to constitutional rights, or

15  were wantonly or oppressively done.

16  70.   Plaintiff J.P. was injured as a direct and proximate result of Defendants JORGE

17  ANDRADE and BRADLEY MILLER's actions and inactions, entitling him to receive compensatory and

18  punitive damages against Defendants JORGE ANDRADE and BRADLEY MILLER.

19  WHEREFORE, Plaintiff J.P. prays for relief as hereunder appears.

20  **SIXTH CLAIM**

21  **Tom Bane Civil Rights Act**

22  **(Cal. Civ. Code § 52.1)**

23  71.   Plaintiffs ESTATE OF SAOUN POL (pursuant to Cal. Code Civ. Proc. § 377.30) and J.P.

24  assert this Claim against Defendants CITY OF STOCKTON, STOCKTON POLICE DEPARTMENT,

25  ERIC JONES, JORGE ANDRADE, BRADLEY MILLER, and DOE 1 to 10.

26  72.   The allegations of the preceding paragraphs 1 to 42 are realleged and incorporated, to the

27  extent relevant and as if fully set forth in this Claim.

28  \ \ \

Excessive Force

73.      Defendants JORGE ANDRADE and BRADLEY MILLER, acting or purporting to act in the performance of their official duties as law enforcement officers, used unreasonable and excessive force against SAOUN POL, with deliberate indifference or reckless disregard of rights protected by the Fourth Amendment (as incorporated through the Fourteenth Amendment) to the U.S. Constitution and Article I, Section 13 of the California Constitution.

74.      Defendants CITY OF STOCKTON, STOCKTON POLICE DEPARTMENT, ERIC JONES, and DOE 1 to 10, acting or purporting to act under color of state law and as policymaking authorities, maintained policies or customs of action and inaction resulting in harm to SAOUN POL, with deliberate indifference or reckless disregard of rights protected by the Fourth Amendment (as incorporated through the Fourteenth Amendment) to the U.S. Constitution and Article I, Section 13 of the California Constitution.

Rehabilitation Act & Americans with Disabilities Act

75.      Defendants JORGE ANDRADE and BRADLEY MILLER, acting or purporting to act in the performance of their official duties as law enforcement officers, failed reasonably to accommodate KIM JACKSON's disability in the course of investigation or arrest, causing greater injury or indignity in that process than other arrestees, with deliberate indifference or reckless disregard of rights protected by the Rehabilitation Act, 29 U.S.C. § 794, *et seq.* and the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* A reasonable accommodation would have included, for example: (a) approaching SAOUN POL in a non-confrontational manner, without displaying or threatening the use of force; (b) speaking to SAOUN POL in a non-confrontational manner, with an appropriate tone of voice and without threatening the use of force; and/or (c) interacting with SAOUN POL in a non-confrontational manner, including appropriate body language, de-escalation, and spacing techniques.

76.      Defendants CITY OF STOCKTON, STOCKTON POLICE DEPARTMENT, ERIC JONES, and DOE 1 to 10, acting or purporting to act under color of state law and as policymaking authorities, maintained policies or customs of action and inaction resulting in harm to SAOUN POL, with deliberate indifference or reckless disregard of rights protected by the Rehabilitation Act, 29 U.S.C. § 794, *et seq.* and the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* A reasonable

18

accommodation would have included promulgation and implementation of appropriate policies and customs which prepared police officers to interact with persons suffering from mental disability or substance abuse, for example: (a) how to approach such persons; (b) how to speak to such persons; (c) how to interact with such persons, including using appropriate body language and tone of voice; (d) how to respect the personal space of such persons; and/or (e) how to deescalate, without use of force, incidents involving such persons.

Unwarranted Interference with Familial Association

77.    Defendants JORGE ANDRADE and BRADLEY MILLER, acting or purporting to act in the performance of their official duties as law enforcement officers, used unreasonable and excessive force against SAOUN POL, terminating and interfering with Plaintiff J.P.'s familial relationship with SAOUN POL, in the violation of constitutional rights protected by the Fourteenth Amendment to the U.S. Constitution, the First Amendment (as incorporated through the Fourteenth Amendment) to the U.S. Constitution, and Article I, Section 7(a) of the California Constitution.

Common Allegations

78.    Defendants CITY OF STOCKTON and STOCKTON POLICE DEPARTMENT are vicariously liable, through the principles of *respondeat superior* and pursuant to Cal. Gov. Code §§ 815.2(a) and 820(a), for injuries proximately caused by the acts and omissions of their employees acting within the scope of their employment, including Defendants ERIC JONES, JORGE ANDRADE, BRADLEY MILLER, and DOE 1 to 10.

79.    SAOUN POL and Plaintiff J.P. were injured as a direct and proximate result of Defendants CITY OF STOCKTON, STOCKTON POLICE DEPARTMENT, ERIC JONES, JORGE ANDRADE, BRADLEY MILLER, and DOE 1 to 10's actions and inactions, entitling them to receive civil penalties against Defendants CITY OF STOCKTON, STOCKTON POLICE DEPARTMENT, ERIC JONES, JORGE ANDRADE, BRADLEY MILLER, and DOE 1 to 10.

WHEREFORE, Plaintiffs ESTATE OF SAOUN POL and J.P. pray for relief as hereunder appears.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs ESTATE OF SAOUN POL and J.P. seek Judgment as follows:

19

1.    For an award of compensatory, general, special, and nominal damages against Defendants CITY OF STOCKTON, STOCKTON POLICE DEPARTMENT, ERIC JONES, JORGE ANDRADE, BRADLEY MILLER, and DOE 1 to 10, in excess of $10,000,000, according to proof at trial;

2.    For an award of exemplary/punitive damages against Defendants ERIC JONES, JORGE ANDRADE, BRADLEY MILLER, and DOE 1 to 10, in an amount sufficient to deter and to make an example of them, because their actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to constitutional and statutory rights, or were wantonly or oppressively done;

3.    For an award of civil penalties and any other available relief against Defendants CITY OF STOCKTON, STOCKTON POLICE DEPARTMENT, ERIC JONES, JORGE ANDRADE, BRADLEY MILLER, and DOE 1 to 10, pursuant to Cal. Civ. Code §§ 52, 52.1, and any other statute as may be applicable;

4.    For an award of reasonable attorneys' fees and costs, pursuant to 42 U.S.C. § 1988, 29 U.S.C. § 794, 42 U.S.C. § 12205, Cal. Civ. Code § 52.1, Cal. Code Civ. Proc. § 1021.5, and any other statute as may be applicable; and

5.    For an award of any other further relief, as the Court deems fair, just, and equitable.

Dated: May 3, 2021                                        Respectfully Submitted,

By: _____
Mark E. Merin
Paul H. Masuhara
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone: (916) 443-6911
Facsimile: (916) 447-8336

Yolanda Huang
LAW OFFICE OF YOLANDA HUANG
528 Grand Avenue
Oakland, California 94610
Telephone: (510) 329-2140
Facsimile: (510) 580-9410

Attorneys for Plaintiffs
ESTATE OF SAOUN POL and J.P.

20

## JURY TRIAL DEMAND

A JURY TRIAL IS DEMANDED on behalf of Plaintiffs ESTATE OF SAOUN POL and J.P.

Dated: May 3, 2021

Respectfully Submitted,

By: _____
Mark E. Merin
Paul H. Masuhara
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone: (916) 443-6911
Facsimile: (916) 447-8336

Yolanda Huang
LAW OFFICE OF YOLANDA HUANG
528 Grand Avenue
Oakland, California 94610
Telephone: (510) 329-2140
Facsimile: (510) 580-9410

Attorneys for Plaintiffs
ESTATE OF SAOUN POL and J.P.

21