DANA A. SUNTAG (State Bar #125127)
JOSHUA J. STEVENS (State Bar #238105)
HERUM\CRABTREE\SUNTAG
*A California Professional Corporation*
5757 Pacific Avenue, Suite 222
Stockton, California  95207
Telephone:  (209) 472-7700
dsuntag@herumcrabtree.com
jstevens@herumcrabtree.com

Attorneys for Defendants

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ESTATE OF SAOUN POL and J.P., | ) | Case No.: 2:21-cv-00788-WBS-AC |
| Plaintiffs, | ) ) | **STIPULATION AND ORDER TO CONTINUE INITIAL STATUS CONFERENCE AND INITIAL DISCLOSURE DATE** |
| vs. | ) ) | |
| CITY OF STOCKTON, et al., | ) ) | |
| Defendants. | ) ) | **[Local Rule 144(a)]** |
| | ) ) | **[No hearing required]** |

This Stipulation is respectfully submitted by all named parties: Plaintiff Estate of Saoun Pol, by and through real party in interest J.P. (both in his representative capacity, as successor in interest on behalf of the estate, and in his individual capacity, on his own behalf), on the one hand, and Defendants City of Stockton (also named as "Stockton Police Department") (the "City"), Chief of Police Eric Jones, Officer Jorge Andrade, and Officer Bradley Miller, on the other hand, all through their undersigned counsel of record.

## R E C I T A L S

A.  On May 3, 2021, Plaintiff filed this lawsuit.

B.  After Plaintiff served process, counsel for the parties engaged in settlement negotiations, and Defendants' counsel voluntarily produced documents and body camera footage to Plaintiff's counsel.

C.  Plaintiff was initially represented by two sets of counsel, the Law Office of Mark E. Merin and the Law Office of Yolanda Huang. On July 8, 2021, the Law Office of Mark E. Merin withdrew from the case. (ECF Nos. 10 and 11).

D.  Plaintiff's remaining counsel, Ms. Huang, represented that, because of the emotional nature of the situation at issue and the information shared with Plaintiff's counsel, Plaintiff needed additional time to consider any possible resolution. Accordingly, on July 12, 2021, the parties filed a stipulation to stay the case through and including September 10, 2021, which the Court so ordered. (ECF No. 13.) In granting this stay, the Court also continued the Initial Status Conference to November 22, 2021. (ECF No. 13.)

E.  On September 15, 2021, the parties filed a stipulation to allow Plaintiff to file a First Amended Complaint ("FAC") by October 1, 2021. (ECF No. 15.)

F.  On October 1, 2021, Plaintiff filed his FAC. (ECF No. 16.)

G.  On November 1, 2021, Defendants filed a motion to dismiss portions of the FAC, scheduled for hearing on November 29, 2021. (ECF No. 17.)

H.  On November 1, 2021, this Court issued an order continuing the Initial Scheduling Conference to January 31, 2022, and requiring a joint status report be filed by January 18, 2022. (ECF No. 18.)

I.  On November 30, 2021, this Court issued an order granting portions of Defendants' motion to dismiss and denying portions of it, and it gave Plaintiff until January 18,

2022, to file a Second Amended Complaint ("SAC"). (ECF No. 25.)

  J. On January 10, 2022, counsel for the parties met and conferred by telephone regarding their initial disclosures, the joint status report, and the scheduled January 31, 2022, Initial Status Conference. Given that the pleadings are not yet set, and Plaintiff has until January 18, 2022, to file his SAC, counsel for the parties agreed to ask the Count to continue the Initial Case Status Conference by approximately 60 days (to a date that is convenient for the Court) to allow additional time for the pleadings to be set, so that the parties may discuss the discovery that might be necessary, prepare a more focused joint status report, and conduct a more productive status conference.

### S T I P U L A T I O N

IT IS STIPULATED AND AGREED, by the parties, through their counsel of record, as follows:

  1. That the Initial Status Conference be continued to March 28, 2022, or the date soonest thereafter that is agreeable to the Court.

  2. The parties' joint status report be due 14 days before the continued Initial Status Conference.

  3. If Defendants file an answer to the SAC, the parties will exchange their initial disclosures on or before March 7, 2022. If, instead, Defendants file a motion to dismiss or other motion in response to Plaintiff's as-of-yet unfiled SAC, the parties will exchange initial disclosures 14 days after the Court issues its order on Defendants' motion.

Respectfully Submitted,

Dated: January 10, 2022       HERUM CRABTREE SUNTAG
                 *A California Professional Corporation*

                 By:  */s/ Joshua J. Stevens*
                   JOSHUA J. STEVENS
                   Attorneys for all Defendants

Dated: January 12, 2022       LAW OFFICE OF YOLANDA HUANG

                 By:  */s/ Yolanda Huang*
                   YOLANDA HUANG
                   Attorney for all Plaintiffs

1 **O R D E R**
**IT IS SO ORDERED.**

The Initial Status Conference is continued to **March 28, 2022, at 1:30 p.m**., to be held via Zoom video conference (unless otherwise ordered).

The joint status report is now due on or before **March 14, 2022**, and the parties must meet and confer by no later than seven days before that date.

The parties' deadline to exchange initial disclosures is continued to **March 7, 2022**.

Dated:  January 13, 2022

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE



4

STIPULATION TO CONTINUE INITIAL STATUS CONFERENCE AND INITIAL DISCLOSURE DATE