UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| J.P., a minor, by and through CHANNY SOK-HANG as guardian,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF STOCKTON, STOCKTON POLICE DEPARTMENT, ERIC JONES, JORGE ANDRADE, BRADLEY MILLER and DOE 1 to 10,<br><br>    Defendants. | No. 2:21-cv-00788 WBS AC<br><br>MEMORANDUM & ORDER RE: DEFENDANTS' MOTIONS TO DISMISS AND TO STRIKE PORTIONS OF PLAINTIFF'S THIRD AMENDED COMPLAINT AND PLAINTIFF'S MOTION TO SUBSTITUTE |

----oo0oo----

Plaintiff J.P., the minor son of the late Saoun Pol, in his individual capacity, and as the real party in interest and the successor-in-interest of Pol, brought this action against defendants arising from the officer-involved shooting and death of Pol. (Third Amend. Compl. "TAC" (Docket No. 31).) Before the court are defendants' motion to dismiss (Docket No. 32) and motion to strike (Docket No. 33), and plaintiff's motion to substitute (Docket No. 39).

1

I.  Factual and Procedural Background

      The factual background of this case is described in detail in the court's November 30, 2021 Order (Docket No. 25) granting in part and denying in part defendants' motion to dismiss plaintiff's First Amended Complaint (Docket No. 16).  In short, plaintiff alleges that on May 4, 2019 defendants Stockton Police Department Officers Jorge Andrade and Bradley Miller responded to 911 reports of a man, later determined to be Pol, "acting erratically."  (TAC 3-4, ¶¶ 17-22.)[1]  Upon arrival at the scene, after giving brief instructions to Pol, Andrade fired gunshots at Pol, resulting in his death.  (Id. ¶¶ 22-23.)

      After the court's November 30, 2021 order on defendants' motion to dismiss, plaintiff filed a Second Amended Complaint (Docket No. 28), after which the parties stipulated to plaintiff filing the TAC.  (Docket Nos. 29, 30.)  In his TAC, plaintiff, in relevant part, has (1) added a claim for liability under City of Canton v. Harris, 489 U.S. 378 (1989), against the City of Stockton ("the City") and the Stockton Police Department ("the Police Department"); (2) again brought a claim under the Tom Bane Act, though only against Andrade; and (3) again brought a negligence claim, though only against Andrade and Miller.

II.  Motion to Dismiss and Motion to Strike Claims

      Defendants move to dismiss (1) plaintiff's claim for Canton liability; (2) plaintiff's Tom Bane Act claim; and (3) plaintiff's negligence claim, or in the alternate, plaintiff's

---

[1] The numbering of paragraphs in the TAC begins anew for each claim for relief and in the prayer for relief.  To avoid confusion, citations to the TAC will include page numbers and paragraph citations.

negligence claim against Miller. Defendants also move to strike the same claims.

    A. <u>Canton Liability</u>

When the court gave plaintiff leave to amend his complaint in its previous order, the court stated that leave was granted "if he can do so consistent with this Order." (Order on Mot. to Dismiss at 12.) The court did not give plaintiff leave to amend in order to add a new claim not previously asserted, nor did plaintiff request such leave to amend. For this reason, plaintiff's claim for <u>Canton</u> liability will be stricken. <u>See</u> <u>Gerritsen v. Warner Bros. Ent., Inc.</u>, 116 F. Supp. 3d 1104, 1125 (C.D. Cal. June 12, 2015) (striking newly pled claims because they exceeded the scope of leave to amend granted by the court); <u>DeLeon v. Wells Fargo Bank, N.A.</u>, No. 10-cv-01390-LHK, 2010 WL 4285006, at *3 (N.D. Cal. Oct. 22, 2010) ("[W]here leave to amend is given to cure deficiencies in certain specific claims, courts have agreed that new claims alleged for the first time in the amended pleading should be dismissed or stricken.").

    B. <u>Tom Bane Act & Negligence</u>

In its previous order, the court dismissed plaintiff's Tom Bane Act and negligence claims because (1) defendants argued they were barred due to plaintiff's failure to timely present a claim pursuant to the California's Government Claims Act, California Government Code § 911.2, and (2) plaintiff did not oppose dismissal. However, plaintiff has re-alleged these claims solely against Andrade and Miller in the TAC.

Even against these individual officers, the claims are barred. If a claim against an entity is barred due to failure to

1  comply with the claim presentation requirements of the California
2  Government Claims Act, the claim is also barred against a "public
3  employee or former public employee for injury resulting from an
4  act or omission in the scope of his employment as a public
5  employee."  See Cal. Gov't Code § 950.2.
6          Plaintiff does not dispute that his claim was untimely
7  but argues that defendants have not "stipulated that both
8  officers' actions were wholly under color of law" and believes it
9  is "probable" that the City and the Police Department would argue
10 the officers were not acting under color of law.  (Pl.'s Opp'n at
11 4-5.)  Plaintiff argues that for this reason his allegations
12 under the Tom Bane Act in the TAC state that Andrade is liable
13 "whether or not acting under color of law."  (TAC 26, ¶¶ 4-6)
14         However, the concept of "under color of law" is
15 different from "scope of employment."  See Smithen v. United
16 States, No. CV 09-00414-GW, 2017 WL 11628588, *8, n. 2 (C.D. Cal.
17 July 28, 2017).  Therefore, plaintiff's allegations regarding
18 "color of law" do not defeat the time barred nature of the state
19 law claims.  Notably, plaintiff's TAC states that Andrade and
20 Miller were "at all times material herein, . . . law enforcement
21 officer[s] employed by the City [] and [] Police Department,
22 acting within the scope of that employment."  (TAC 2-3, ¶¶ 9-10
23 (emphasis added).)
24         Accordingly, the court will dismiss plaintiff's Tom
25 Bane Act and negligence claims because the claims are barred due
26 to failure to timely present a claim pursuant to the California
27 Government Claims Act.
28 III. Motion to Strike Prayer for Relief

4

Defendants move to strike paragraph 4 of plaintiff's TAC, which seeks an injunction against all defendants. (TAC 28, ¶ 4.) First, defendants argue, and plaintiff does not dispute, the requested injunctive relief cannot be permitted against Eric Jones as he retired and is no longer the Stockton Chief of Police.[2] (See Defs.' Mot. to Dismiss at 9; Pl.'s Opp'n at 5.)[3] To the extent the injunction is requested against Eric Jones, it is stricken.

Next, defendants argue that paragraph 4(a) requests an injunction against "defendants and their sheriff's deputies," but the TAC does not name any sheriff's department or deputies as parties. Plaintiff provides no argument in opposition to this portion of the motion. No sheriff's department or sheriff's deputies are involved in this suit, and therefore, the court will grant defendants' motion to strike the language in paragraph 4(a) regarding sheriff's deputies.

Finally, defendants argue the requested injunction is improper as to Andrade and Miller as they are "rank and file officers who have no ability to institute or enforce any policies." (Defs.' Mot. to Strike at 10.) Plaintiff provides no argument in his opposition to this portion of the motion to strike. (See Pl.'s Opp'n at 5.) When asked at oral argument if

---

[2] Alongside their motions, defendants submitted a request for judicial notice of a news article from a local media outlet announcing Eric Jones' retirement. (Docket No. 34). Plaintiff does not oppose this request (Pl.'s Mot. at 2), and therefore, the request is GRANTED.

[3] Plaintiff's motion to substitute relates to this issue and is discussed below.

5

and how plaintiff has standing to seek injunctive relief against these officers, plaintiff's counsel could provide no intelligible response.  This lawsuit is brought only by the minor son of the decedent.  There are no allegations that these defendants pose a particular threat to the constitutional rights of this plaintiff which needs to be enjoined.  See City of Los Angeles v. Lyons, 461 U.S. 95, 106 (1983) (holding that plaintiff must show "a real and immediate threat" of facing the same conduct he had previously experienced by police officers to have standing for injunctive relief).  Therefore, defendants' motion to strike the references to Andrade and Miller from paragraph 4 is granted.

IV.  Plaintiff's Motion to Substitute

Given Eric Jones' retirement as Stockton Chief of Police, plaintiff moves to substitute the Interim Stockton Chief of Police in his new official capacity for "Eric Jones in his official capacity."  (Pl.'s Mot. at 1.)  The parties agreed at oral argument that Stanley McFadden has now been appointed as the new Stockton Chief of Police, so there is no longer an interim Chief of Police.

Plaintiff relies on Federal Rule of Civil Procedure 25(d), which allows an officer's successor to be substituted when the original "public officer who is a party in an official capacity . . . ceases to hold office while the action is pending."  Fed. R. Civ. P. 25(d) (emphasis added). Defendants correctly argue that Rule 25(d) only allows for substitution when the public officer is sued in his official capacity.  Plaintiff states in his motion to substitute that Jones is named "in both his official and individual capacity," but the TAC does not

6

explicitly state as such. (See TAC 2, ¶ 8.)

However, the "basis of the claims asserted and the nature of the relief sought make clear" that the action is also brought against Jones in his official capacity. See Cent. Rsrv. Life of North Am. Ins. Co. v. Struve, 852 F.2d 1158, 1161 (9th Cir. 1988) (relying on the basis of the claims and nature of the relief sought, rather than the caption of the complaint, in determining if the state was the real party in interest); Price v. Alaska, 928 F. 2d 824, 828 (9th Cir. 1990) (relying on the basis of the claims asserted and the nature of the relief sought, specifically damages, the court held that the defendants were being sued in their individual capacity). Here, plaintiff alleges that Jones was the final policymaking authority for the Police Department and plaintiff is seeking injunctive relief against Jones to implement certain policies in the Police Department, which he can only do in his official capacity. (TAC 6, ¶ 36; 28, ¶ 4.) The basis of plaintiff's claims and the injunctive relief sought indicate that Jones is also sued in his official capacity.

Therefore, plaintiff's motion to substitute will be granted and Stanley McFadden will be substituted in place of Eric Jones.

IT IS THERFORE ORDERED that:

1. Defendants' motion to dismiss (Docket No. 32) plaintiff's Tom Bane Act and negligence claims be, and the same hereby, is GRANTED.

2. Defendants' motion to strike (Docket No. 33) plaintiff's Canton liability claim, and prayer for relief to the

7

extent it names Eric Jones, "sheriff's deputies," and Andrade and Miller be, and the same hereby, is GRANTED.

3. Plaintiff's motion to substitute (Docket No. 39) Eric Jones with the new Stockton Chief of Police Stanley McFadden be, and the same hereby, is GRANTED.

Plaintiff has twenty days from the date of this Order to file a fourth amended complaint, if he can do so consistent with this Order.[4] Plaintiff is not given leave to allege additional claims or re-allege the claims for Canton liability, the Tom Bane Act, and negligence dismissed or stricken above against any defendants.

Defendants have thirty days, from the end of plaintiff's twenty-day deadline to file an amended complaint, to respond to the operative complaint at that time.

Dated: May 4, 2022

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[4] Any amended complaint should not restart numbering for paragraphs for each claim.