1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT OF CALIFORNIA

10

11                              ----oo0oo----

12   J.P., a minor, by and through    No.  2:21-CV-00788 WBS AC
     CHANNY SOK-HANG as guardian,

13
                  Plaintiff,

14
          v.

15
     CITY OF STOCKTON, STOCKTON

16   POLICE DEPARTMENT, STANLEY
     MCFADDEN, JORGE ANDRADE and

17   DOE 1 to 10,

18                Defendants.

19

20                              ----oo0oo----

21              STATUS (PRETRIAL SCHEDULING) ORDER

22              After reviewing the parties' Joint Status Report, the

23   court hereby vacates the Status (Pretrial Scheduling) Conference

24   scheduled for June 6, 2022, and makes the following findings and

25   orders without needing to consult with the parties any further.

26   I.   SERVICE OF PROCESS

27              All defendants have been served, and no further service

28   is permitted without leave of court, good cause having been shown

                                      1

1   under Federal Rule of Civil Procedure 16(b).

2   II.   <u>JOINDER OF PARTIES/AMENDMENTS</u>

3           The parties do not anticipate further amendment to the

4   pleadings, but because defendants represent that they have not

5   seen plaintiff's Fourth Amended Complaint at the time of filing

6   the Joint Status Report, defendants may reserve the right to

7   move, plead, or otherwise respond to it as may be appropriate.

8   Otherwise, no further joinder of parties or amendments to

9   pleadings will be permitted except with leave of court, good

10  cause having been shown under Federal Rule of Civil Procedure

11  16(b).  <u>See</u> <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604

12  (9th Cir. 1992).

13  III. <u>JURISDICTION/VENUE</u>

14          Jurisdiction is predicated upon federal question, 28

15  U.S.C. § 1331, because plaintiff asserts claims arising under the

16  United States Constitution and the following laws of the United

17  States: 42 U.S.C. § 1983; Rehabilitation Act, 29 U.S.C. § 701;

18  and the Americans with Disabilities Act, 42 U.S.C. § 12101.

19  Venue is undisputed and hereby found to be proper.

20  IV.   <u>DISCOVERY</u>

21          Defendants served initial disclosures required by

22  Federal Rule of Civil Procedure 26(a)(1) on May 9, 2022.  The

23  parties agreed plaintiff would serve his initial disclosures by

24  May 24, 2022 and the court has not been notified that plaintiff

25  failed to do so.  (Joint Status Report at 4 (Docket No. 50).)

26          The parties shall disclose experts and produce reports

27  in accordance with Federal Rule of Civil Procedure 26(a)(2) by no

28  later than September 18, 2023.  With regard to expert testimony

1    intended solely for rebuttal, those experts shall be disclosed
2    and reports produced in accordance with Federal Rule of Civil
3    Procedure 26(a)(2) on or before October 16, 2023.

4            All discovery, including depositions for preservation
5    of testimony, is left open, save and except that it shall be so
6    conducted as to be completed by November 13, 2023.  The word
7    "completed" means that all discovery shall have been conducted so
8    that all depositions have been taken and any disputes relevant to
9    discovery shall have been resolved by appropriate order if
10   necessary and, where discovery has been ordered, the order has
11   been obeyed.  All motions to compel discovery must be noticed on
12   the magistrate judge's calendar in accordance with the local
13   rules of this court and so that such motions may be heard (and
14   any resulting orders obeyed) not later than November 13, 2023.

15   V.    MOTION HEARING SCHEDULE

16           All motions, except motions for continuances, temporary
17   restraining orders, or other emergency applications, shall be
18   filed on or before January 8, 2024.  All motions shall be noticed
19   for the next available hearing date.  Counsel are cautioned to
20   refer to the local rules regarding the requirements for noticing
21   and opposing such motions on the court's regularly scheduled law
22   and motion calendar.

23   VI.   FINAL PRETRIAL CONFERENCE

24           The Final Pretrial Conference is set for March 25,
25   2024, at 1:30 p.m. in Courtroom No. 5 or via videoconference.
26   The Courtroom Deputy will notify the parties prior to the
27   Conference whether the Conference will be held in person of via
28   videoconference.  The conference shall be attended by at least

1  one of the attorneys who will conduct the trial for each of the
2  parties and by any unrepresented parties.

3          Counsel for all parties are to be fully prepared for
4  trial at the time of the Pretrial Conference, with no matters
5  remaining to be accomplished except production of witnesses for
6  oral testimony.  Counsel shall file separate pretrial statements,
7  and are referred to Local Rules 281 and 282 relating to the
8  contents of and time for filing those statements.  In addition to
9  those subjects listed in Local Rule 281(b), the parties are to
10  provide the court with: (1) a plain, concise statement which
11  identifies every non-discovery motion which has been made to the
12  court, and its resolution; (2) a list of the remaining claims as
13  against each defendant; and (3) the estimated number of trial
14  days.

15          In providing the plain, concise statements of
16  undisputed facts and disputed factual issues contemplated by
17  Local Rule 281(b)(3)-(4), the parties shall emphasize the claims
18  that remain at issue, and any remaining affirmatively pled
19  defenses thereto.  If the case is to be tried to a jury, the
20  parties shall also prepare a succinct statement of the case,
21  which is appropriate for the court to read to the jury.

22  VII. <u>TRIAL SETTING</u>

23          The jury trial is set for June 4, 2024 at 9:00 a.m.  The
24  parties estimate that the trial will last 14 days.

25  VIII.     <u>SETTLEMENT CONFERENCE</u>

26          The parties agree that a settlement conference with the
27  magistrate judge would be appropriate after the close of
28  discovery, and they may "engage in private attempts to resolve

4

1    this lawsuit before then."  If a settlement has not been reached

2    by the time of the Final Pretrial Conference, a Settlement

3    Conference with a magistrate judge will be set at that time.

4    Counsel are instructed to have a principal with full settlement

5    authority present at the Settlement Conference or to be fully

6    authorized to settle the matter on any terms.  At least seven

7    calendar days before the Settlement Conference counsel for each

8    party shall submit a confidential Settlement Conference Statement

9    for review by the settlement judge.  The Settlement Conference

10   Statements shall not be filed and will not otherwise be disclosed

11   to the trial judge.

12   IX.  MODIFICATIONS TO SCHEDULING ORDER

13          Any requests to modify the dates or terms of this

14   Scheduling Order, except requests to change the date of the

15   trial, may be heard and decided by the assigned Magistrate Judge.

16   All requests to change the trial date shall be heard and decided

17   only by the undersigned judge.

18          IT IS SO ORDERED.

19   Dated:  May 27, 2022

20                                        WILLIAM B. SHUBB
                                          UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26

27

28