1  DANA A. SUNTAG (State Bar #125127)
   JOSHUA J. STEVENS (State Bar #238105)
2  HERUM\CRABTREE\SUNTAG, LLP
   5757 Pacific Avenue, Suite 222
3  Stockton, California  95207
   Telephone:  (209) 472-7700
4  dsuntag@herumcrabtree.com
   jstevens@herumcrabtree.com
5

6  Attorneys for All Defendants

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.P., a minor, by and through CHANNY SOK-HANG as guardian, ) | Case No.: 2:21-cv-00788-WBS-AC |
| ) | **STIPULATION AND ORDER TO MODIFY PRETRIAL SCHEDULING ORDER, INCLUDING TRIAL DATE** |
| Plaintiff, ) vs. ) | |
| ) | **[No hearing required]** |
| CITY OF STOCKTON, et al. ) | |
| Defendants. ) | |

STIPULATION AND ORDER TO MODIFY PRETRIAL SCHEDULING ORDER

This Stipulation is respectfully submitted by all named parties: Plaintiff J.P., by and through Channy Sok-Hang as guardian, on the one hand; and Defendants City of Stockton (also named as "Stockton Police Department") (the "City"), Chief of Police Stanley McFadden, and Officer Jorge Andrade, on the other hand, all through their undersigned counsel of record.

<u>RECITALS</u>

A.      On May 3, 2021, Plaintiff filed this lawsuit.

B.      On May 27, 2022, the Court issued a Status (Pretrial Scheduling) Order (ECF No. 52), scheduling a jury trial to begin on June 4, 2024, with a 14 day estimate.

C.      There is another lawsuit pending in this Court, also before the Honorable William B. Shubb, entitled *Karen Sutherland, et al. v. City of Stockton, et al.,* Eastern District of California Case No. 2:21-cv-01855-WBS-AC (the "*Sutherland* Case"). The City of Stockton is a defendant in both that case and in the instant case. Moreover, the same defense counsel in the instant case are also defense counsel in the *Sutherland* Case.

D.      On July 12, 2022, the Court in the *Sutherland* Case issued a Status (Pretrial Scheduling) Order, scheduling the jury trial to begin in the *Sutherland* Case on the same date as the first day of the jury trial in this case, June 4, 2024, with an eight to 10 day estimate. (*Sutherland* Case, ECF No. 26).

E.      Because of this conflict, on October 31, 2022, Defendants counsel filed motions in both cases to address the conflict. (ECF No. 56; *Sutherland* Case ECF No. 27.)

F.      On December 5, 2022, this Court denied both motions as premature, but stated it would consider renewed motions closer to trial. (ECF No. 61; *Sutherland* Case ECF No. 33.)

G.      Counsel in the instant case have been diligently engaged in discovery, including both party discovery and third party subpoenas.

H.      Plaintiff's counsel now has a conflict with the June 4, 2024, trial date in the instant case because trial in another of her cases is scheduled for that date. Counsel for both sides have met and conferred, and agreed to request this Court to continue the trial date in the instant case.

I.      Moreover, counsel have also met and conferred regarding scheduling depositions in the instant case, and both counsel also have significant other conflicts, as a result of which they wish to continue the discovery deadlines and other pretrial deadlines. Among other things, Plaintiff's counsel is scheduled to begin a lengthy jury trial that is scheduled to start on August 8,



STIPULATION AND ORDER TO MODIFY PRETRIAL SCHEDULING ORDER

2023, and scheduled to take up most of August 2023. Defendants' counsel is scheduled to take approximately 20 depositions from mid-August through September 2023 (some of which are in the *Sutherland* case), and cannot be available for depositions in the instant case until October 2023. Because of the number of depositions counsel is contemplating in the instant case based on the results of written discovery, counsel believes the discovery cutoff date of November 13, 2023, will not allow them sufficient time to complete all the discovery necessary to prepare for trial.

J.      Further, given the press of business, other trials, and matters that counsel have scheduled, the anticipated time the parties will require to respond to outstanding discovery requests and marshal the documents that will be requested, the time that may be required to meet and confer on discovery issues in an effort to avoid potential discovery motions, the large number of depositions contemplated because of the large number of third party witnesses, and the desire of counsel to exercise professional courtesies by reasonably accommodating the schedules of the deponents and counsel, granting reasonable extensions, and the need to set depositions on mutually available dates, including the anticipated difficulties with doing this (in view of the number of party and counsel schedules and potential depositions involved), counsel reasonably estimate the need for, and, thus, respectfully request, a modification of the Scheduling Order as set forth below. In addition, counsel for Defendants are not available for trial until April 2025. Counsel request that all deadlines in the Scheduling Order be correspondingly extended to match the newly requested trial date, with spacing between such dates to remain approximately the same as is set forth in the Pretrial Scheduling Order.

K.      When an act must be done within a specified time, the Court may, for good cause, extend the time with or without motion if the court acts, or a request is made, before the original time expires. Fed. R. Civ. P. 6(b)(1)(A). With respect to an order setting forth the Court's pretrial schedule, "[t]he district court may modify the pretrial schedule 'if it cannot be reasonably met despite the diligence of the party seeking the amendment.'" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

L.      There have been no prior modifications of the Scheduling Order.

HERUM \ CRABTREE \ SUNTAG
ATTORNEYS

1

<u>STIPULATION</u>

2

The parties, by and through their undersigned counsel, respectfully request that the Court

3

modify the Scheduling Order as follows:

4

| Matter | Current Date | Proposed Date |
|---|---|---|
| Disclosure of Experts | 9/18/2023 | 6/7/24 |
| Disclosure of Rebuttal Experts | 10/16/23 | 7/12/24 |
| Cutoff of All Discovery | 11/13/23 | 9/6/24 |
| Motion filing Cutoff Date | 1/8/24 | 12/9/24 |
| Final Pretrial Conference | 3/25/24 | February 2025 |
| Trial | 6/4/24 | April 2025 |

5

6

7

8

9

Based on the foregoing, the parties respectfully request that the Court grant this

10

stipulation for a modification of the Scheduling Order.

11

Respectfully Submitted,

12

Dated: August 5, 2023                            HERUM CRABTREE SUNTAG, LLP

13

14

By:   */s/ Joshua J. Stevens*

15

JOSHUA J. STEVENS

16

Attorneys for all Defendants

17

Dated August 21, 2023                       LAW OFFICE OF YOLANDA HUANG

18

By:   */s/ Yolanda Huang*

19

YOLANDA HUANG

Attorney for Plaintiff

20

21

22

**<u>SIGNATURE ATTESTATION</u>**

23

Pursuant to Eastern District of California Local Rule 131(e), I attest that I

24

obtained authorization to place Plaintiff's counsel's e-signature on this document and to

25

file this document with the Court.

26

By: */s/ - Joshua J. Stevens*

Joshua J. Stevens

27

28

STIPULATION AND ORDER TO MODIFY PRETRIAL SCHEDULING ORDER

## **ORDER**

The Court, having considered the parties' stipulation, and good cause appearing, rules as follows:

The relief the stipulation requests is GRANTED, and the modified dates are as follows:

| Matter | New Deadline |
|---|---|
| Disclosure of Experts | 6/7/24 |
| Disclosure of Rebuttal Experts | 7/12/24 |
| Cutoff of All Discovery | 9/6/24 |
| Motion filing Cutoff Date | 12/9/24 |
| Final Pretrial Conference | 2/24/2025 at 1:30 pm |
| Trial | 4/22/2025 at 9:00 am |

**IT IS SO ORDERED.**

Dated:  August 23, 2023

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

STIPULATION AND ORDER TO MODIFY PRETRIAL SCHEDULING ORDER