Yolanda Huang (State Bar No. 104543)
LAW OFFICES OF YOLANDA HUANG
2748 Adeline Street, Suite A
Berkeley, CA 94703
Telephone:   (510) 329-2140
Facsimile:    (510) 580-9410
E-Mail:         yhuang.law@gmail.com

Attorneys for Plaintiffs

DANA A. SUNTAG (State Bar #125127)
JOSHUA J. STEVENS (State Bar # 238105)
ALEXANDER R. THOMAS (State Bar #350132)
HERUM\CRABTREE\SUNTAG, LLP
5757 Pacific Avenue, Suite 222
Stockton, California 95207
Telephone: (209) 472-7700
dsuntag@herumcrabtree.com
jstevens@herumcrabtree.com

Attorneys for All Defendants

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| **J.P., a minor, by and through CHANNY SOK-HANG as guardian,**<br><br>**Plaintiff,**<br><br>vs.<br><br>**CITY OF STOCKTON, et al**<br><br>**Defendants.** | Case No. 2:21-cv-00788-WBS-AC<br><br>**STIPULATION RE: AUTOPSY PHOTOS AND [~~Proposed~~] ORDER**<br><br>**Hon. William B. Shubb, presiding** |

**RECITALS**

A. California Code of Civil Procedure §129 governs certain matters regarding dissemination of photographs or copies of photographs of "the body, or any portion of the body, of a deceased person, taken by or for the coroner at the scene of death or in the course of a post mortem examination or autopsy."

B. Plaintiff J.P. represents he is the legal heir of the decedent and that he has the right under Section 129 to obtain the autopsy photos and photos of the decedent upon presentation of an appropriate written authorization to the San Joaquin County Chief Medical Examiner.

C. Plaintiff's counsel asserts the autopsy of the decedent was conducted by a forensic pathologist under the direction and supervision of Chief Deputy Coroner, Sgt. Mike Reynolds, on May 4, 2019.

D. Members of the Stockton Police Department (the "SPD") were in attendance at the autopsy, and at the request or direction of forensic pathologist Arnold R. Josselson, M.D., one or more members of the SPD took photographs. The SPD has 248 autopsy photos it took.

E. In 2023, in response to plaintiff's request for production, the SPD objected based on Section 129 and did not produce the 248 autopsy photos.

F. Plaintiff's counsel represents that, on March 20, 2024, she issued a document subpoena to the San Joaquin County Chief Medical Examiner, and, in response to it, the Chief Medical Examiner produced to plaintiff's counsel copies of 12 autopsy photos. The photos have not been produced to Defendants or their counsel.

**STIPULATION**

IT IS STIPULATED AND AGREED, by the parties, through their counsel of record, as follows:

1. The subject photographs are defined as any and all autopsy photographs taken of decedent, Saoun Pol, following his death on May 4, 2019.
2. For the purposes of this particular exchange of the subject photographs, the parties stipulate that Code of Civ. Proc. Section 129 does not apply.
3. All subject photographs of decedent as described herein are deemed confidential pursuant to the Protective Order (ECF 70) and the parties may use and disclose the photographs as authorized by the Protective Order, except that plaintiff, at his discretion, may maintain custody and control of his complete set of said photos at the conclusion of this litigation.

4. Within 24 hours from the Court's issuance of an order on this Stipulation, Plaintiffs shall produce to Defendants true and accurate copies of the twelve photos received from the San Joaquin County Chief Medical Examiner's Office and Defendants shall produce to Plaintiffs' counsel of record true and accurate copies of the 248 photographs in their possession.

5. Defendants shall also identify the individuals who took, or caused to be taken, the subject photographs.

6. The waiver herein of Code of Civil Proc. § 129 does not include other dissemination of said photographs by anyone, including Plaintiff and his counsel and the Stockton Police Department, except as authorized by the Protective Order (ECF 70) or by law.

LAW OFFICE OF YOLANDA HUANG

DATED: May 2, 2024   BY: /s/ Yolanda Huang
Yolanda Huang
Attorney for Plaintiff

HERUM CRABTREE SUNTAG, LLP

DATED: May 2, 2024   /s/ Joshua J. Stevens
BY: JOSHUA J. STEVENS
Attorney for All Defendants

### DECLARATION REGARDING AUTHORIZATION

I attest that Defense Counsel authorized the in the filing of this document. "/s/ Joshua J. Stevess" on May 2, 2024.

By: /s/ Yolanda Huang
YOLANDA HUANG, ESQ.

[~~Proposed~~] ORDER

Pursuant to stipulation, and good cause appearing,

IT IS HEREBY ORDERED:

1. The subject photographs are defined as any and all autopsy photographs taken of decedent, Saoun Pol, following his death on May 4, 2019.
2. For the purposes of this particular exchange of the subject photographs, the parties stipulate that Code of Civ. Proc. Section 129 does not apply.
3. All subject photographs of decedent as described herein are deemed confidential pursuant to the Protective Order (ECF 70), except that plaintiff, at his discretion, may maintain custody and control of his complete set of said photos at the conclusion of this litigation.
4. Within 24 hours from the Court's issuance of an order on this Stipulation, Plaintiffs shall produce to Defendants true and accurate copies of the twelve photos received from the San Joaquin County Chief Medical Examiner's Office and Defendants shall produce to Plaintiffs' counsel of record true and accurate copies of the 248 photographs in their possession.
5. Defendants shall also identify the individuals who took, or caused to be taken, the subject photographs.
6. The waiver herein of Code of Civil Proc. § 129 does not include any and all other dissemination of said photographs by anyone, including Plaintiff and his counsel and the Stockton Police Department, except as authorized by the Protective Order (ECF 70) or by law.

Dated: May 20, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE